FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES JOSEPH REEVIS,<br><br>               Plaintiff,<br><br>  v.<br><br>SPOKANE COUNTY SUPERIOR COURTS, STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES BEHAVIORAL HEALTH ADMINISTRATION EASTERN STATE HOSPITAL and YAKIMA COMPETENCY RESTORATION CENTER,<br><br>               Defendants. | NO: 1:21-CV-03056-RMP<br><br>ORDER DISMISSING ACTION |

By Order filed July 12, 2021, the Court instructed Plaintiff Charles Joseph Reevis to provide his current mailing address and documents to proceed *in forma pauperis*. ECF No. 6. The Order was mailed to Plaintiff at Spokane County Detention Services. The Court cautioned Plaintiff that his failure to respond would result in the dismissal of this action for failure to prosecute. *Id.* at 2. Plaintiff did

ORDER DISMISSING ACTION -- 1

not respond to the Court's Order and has filed nothing further in this action.

## DISMISSAL FOR FAILURE TO OBEY A COURT ORDER

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260–61 (Citations omitted).

The first two factors weigh in favor of dismissal. The need to manage the docket and the public's interests are served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because the defendants have not yet been served. Only the fourth factor arguably weighs against dismissal, but the resolution of the filing fee requirement, and whether Plaintiff qualifies to proceed *in forma pauperis*, must occur before reaching the merits of Plaintiff's case, in any event. *See* ECF Nos. 4 and 6. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply with the Court's directive. Plaintiff, however, has already had nearly two months in which to supply the

required information and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal. On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik,* 963 F.2d at 1263 (citing *Malone v. United States Postal Serv,* 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal)).

Accordingly, **IT IS ORDERED:**

**1.** This action is **DISMISSED** without prejudice for failure to obey a court order.

**2.** This case is **CLOSED**.

**IT IS SO ORDERED.** The District Court Clerk is **DIRECTED** to enter this Order, provide a copy to Plaintiff at his last known address and **CLOSE** the file. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact**.**

**DATED** September 8, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DISMISSING ACTION -- 3